## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARK ALVIN COURTER,

                        Plaintiff,

            v.                                    CASE NO. 10-3198-SAC

ARAMARK CORPORATION, et al.,

                        Defendants.


### O R D E R

This matter comes before the court on a form complaint seeking relief under 42 U.S.C. § 1983.  Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, without prepayment of the $350.00 district court filing fee in this civil action.

*In Forma Pauperis Status - 28 U.S.C. § 1915*

Having reviewed plaintiff's lack of financial resources, the assesses no initial partial filing fee, § 1915(b)(1), and grants plaintiff's motion.[1]  *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be

---

[1]Plaintiff indicates he filed this action while on probation and residing in the Johnson County Adult Residential Center - Therapeutic Community, a facility providing probation condition violators an intensive, long-term residential treatment setting. The court thus presumes plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h) which provides in relevant part that a "prisoner" is a person "detained in any facility" as a result of being "adjudicated delinquent for violations of ... the terms and conditions of ... probation."). *Compare Jackson v. Johnson*, 475 F.3d 261 (5th Cir.2007)(halfway house resident was a "prisoner" within § 1915(h)'s definition because he was confined as a result of his criminal violation.).

prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*Screening of the Complaint - 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff seeks injunctive relief and damages under § 1983 for alleged violations of his constitutional rights. Plaintiff claims defendants are impermissibly interfering with his practice of the Jewish religion, and alleges he is unable to get properly prepared Kosher food and has to independently prove his religious needs and holidays. The defendants named in the complaint are Aramark Corporation, Johnson County, Johnson County Department of Corrections, Johnson County Adult Residential Therapeutic Community (RTC), Case Manager Paz, and Assistant Department RTC Director Taylor. On the face of the complaint, the court finds the all defendants are subject to being summarily dismissed for the following reasons.

A constitutionally cognizable claim under 42 U.S.C. § 1983 must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because plaintiff expressly emphasizes in his complaint that defendants Paz

and Taylor were *not* acting under color of state law during the alleged violation of plaintiff's rights, the court finds these two defendants are subject to being summarily dismissed because the complaint states no claim for relief under § 1983 against these defendants.

Likewise, the complaint states no claim for relief under § 1983 against the Johnson County Department of Corrections and RTC. Neither is a separate legal entity with the capacity to sue or be sued, and thus are not a person subject to suit under § 1983. See *Wright v. Wyandotte County Sheriff's Department*, 963 F.Supp. 1029, 1034 (D.Kan.1997)(Sheriff's Department is subunit of the County and is not itself capable of being sued); *Lindenman v. Umscheid*, 255 Kan. 610, 628 (1994)(subordinate government agencies, absent statutory authorization, ordinarily do not have the capacity to sue or be sued).

Plaintiff is also advised that a viable claim under § 1983 against a municipality such as Johnson County must allege the violation of plaintiff's rights pursuant to a county policy or established procedure. See *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978)(a city or county may be liable on a § 1983 claim only when a plaintiff is deprived of his constitutional rights pursuant to a policy or custom of the municipality).  The requirements in *Monell* apply as well to private entities acting under color of state law, such as the Aramark Corporation in this case. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216-17 (10th Cir.2003).  Absent amendment of the complaint to provide a sufficient factual basis for plausibly finding that plaintiff was deprived of his rights pursuant to a policy or custom of either of

these defendants, they are subject to being summarily dismissed from this action.

### Notice and Show Cause Order to Plaintiff

Accordingly, plaintiff is directed to show cause why the complaint should not be dismissed as stating no claim for relief.[2] The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief against any defendant.

**IT IS SO ORDERED.**

DATED:  This 2nd day of August 2011 at Topeka, Kansas.


   s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2]If plaintiff chooses to file an amended complaint that corrects deficiencies identified by the court, plaintiff is advised that an amended complaint must be submitted on a court approved form, and that the amended complaint will supercede the original complaint and render it without legal effect. Fed.R.Civ.P. Rule 15.